**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS INDENTURE TRUSTEE, FOR THE HOLDERS OF THE CIM TRUST 2021-R2, MORTGAGE-BACKED NOTES, SERIES 2021-R2,** | § § § § § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § § | **Civil Action No. 2:24-cv-9** |
| **RITA C. GOMEZ,** | § § § | |
| **Defendant.** | § | |

<u>**MOTION FOR FINAL DEFAULT JUDGMENT AND BRIEF IN SUPPORT THEREOF**</u>

      Plaintiff U.S. Bank National Association, not in its individual capacity but solely as indenture trustee, for the holders of the CIM Trust 2021-R2, Mortgage-Backed Notes, Series 2021-R2 ("U.S. Bank" or "Plaintiff") files this, its *Motion for Final Default Judgment and Brief in Support thereof*, and respectfully shows as follows:

### I.  BACKGROUND

      1.     Plaintiff filed its First Amended Complaint against Defendant on January 11, 2024. [ECF Document No. 6.]

      2.     Defendant was served on January 13, 2024, by delivery to her co-resident, Andrew Gomez,, at 4838 Blundell, Corpus Christi, Texas 78415. [ECF Document No. 7]. Her answer or response to the First Amended Complaint was due on or before February 5, 2024. Fed. R. Civ. P. 12(a)(1)(A)(i).

      3.     Defendant has not answered or otherwise appeared in this action.

4.  Plaintiff is filing its Request for Clerk's Entry of Default concurrently with this Motion for Final Default Judgment.

5.  Defendant is not in active-duty military status. *See* Exhibit A-1.

6.  Plaintiff is entitled to an entry of default as to Defendant because she did not answer or otherwise defend the First Amended Complaint.

7.  Plaintiff now asks the Court to render default judgment against Defendant.

## II.  <u>LEGAL STANDARD</u>

8.  Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The entry of a default judgment is a three-step process: (1) default; (2) the entry of default; and (3) the entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). The entry of a default judgment is not an abuse of discretion when a party fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), *cert. denied*, 414 U.S. 1073 (1973).

## III.  <u>ARGUMENT AND AUTHORITIES</u>

9.  The Court should render a default judgment against Defendant because she did not file a responsive pleading or otherwise defend the claims against her. Such default constitutes an admission by Defendant on all allegations in the First Amended Complaint. The facts asserted in the First Amended Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the First Amended Complaint, Defendant has admitted the well-pleaded factual allegations therein and are "barred from contesting on appeal the facts thus established. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, Plaintiff is entitled to a default judgment on liability and damages.

---

10.     With regard to the issues of damages, ordinarily, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, when the amount of damages can be determined with certainty by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993). Federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *See* FED. R. CIV. P. 54(c); *see also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir.2010).

11.     Plaintiff does not seek monetary damages against Defendant, but instead seeks declaratory judgment that Plaintiff as the owner and holder of the Note, and beneficiary of the Security Instrument, it has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the real property which is subject of this matter, 4838 Blundell Dr., Corpus Christi, TX 78415, and more particularly described as:

> LOT ONE (1), BLOCK THREE (3), LEFFORGE ADDITION, AN ADDITION TO THE CITY OF CORPUS CHRISTI, NUECES COUNTY, TEXAS, ACCORDING TO MAP OR PLAT RECORDED IN VOLUME 23, PAGE 34, OF THE MAP RECORDS OF NUECES COUNTY, TEXAS. TAX MAP OR PARCEL ID NO. 434500030010.

(The "Property"). Therefore, no hearing is necessary to establish Plaintiff's damages.

12.     In Texas, to foreclose under a security instrument with a power of sale, the party is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016); citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014).

13.     The First Amended Complaint alleges that on or about December 20, 2006, Decedent Federico Valle Gomez Sr. and Defendant Rita C. Gomez ("Borrowers") executed a *Loan Agreement in* the principal amount of $59,990.32 ("Note"), payable to Beneficial Texas Inc. ("Beneficial") as lender on a loan secured by the Property. [*See* ECF Docket No. 6 at ¶ 14].

14.     Concurrently with the execution of the Note, Borrowers executed a *Mortgage Equity – First Lien* (the "Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting Beneficial, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the official public records of Nueces County, Texas, as Instrument No. 2006065560 on December 27, 2006. [*See* ECF Docket No. 6 at ¶ 15].  Plaintiff further alleges that it is the current holder of the blank endorsed Note with standing to enforce the terms of the Security Instrument. [*See* ECF Docket No. 6 at ¶ 18].

15.     Decedent Federico Valle Gomez Sr. passed away on June 4, 2020 [See ECF Docket No. 6 at ¶ 19.] Upon information and belief, no probate was ever opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, Defendant as the surviving spouse, acquired his interest in the Property immediately upon his death, subject to the Loan Agreement debt owed to Plaintiff. [*Id.*].

16.     The Loan Agreement is currently in default  [*See* ECF Docket No. 6 at ¶ 22]. A *Notice of Default* ("Notice of Default") was provided in accordance with section 51.002(d) of the Texas Property Code and the Loan Agreement, but the default was not cured. [*Id.*]. As a result, the maturity of the debt was accelerated by the filing of this suit Therefore, the First Amended Complaint conclusively establishes each of the necessary elements of Plaintiff's non-judicial foreclosure claim.

17.    Plaintiff requested reasonable and necessary attorney's fees against Defendant based on Texas Civil Practice and Remedies Code Chapter 38 and pursuant to the terms of the loan documents executed by the Borrowers.. Plaintiff is entitled attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. The amount of such fees to be determined by subsequent motion practice. Plaintiff requests that the award of attorney's fees be made not as a money judgment against Defendant, but as a further obligation owed by the Borrowers under the subject Note and Security Instrument.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a final default judgment against Defendant on all claims asserted against her in Plaintiff's First Amended Complaint, and award Plaintiff the following relief:

a.    Judgment against Defendant for court costs;

b.    Judgment against Defendant for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

c.    Judgment declaring that Plaintiff is the owner and holder of the Note with standing to enforce the Security Instrument;

d.    Judgment against Defendant declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;

e.    Judgment against Defendant declaring that Plaintiff, its successors and assigns, may proceed with non-judicial foreclosure of the Property pursuant to the Security Instrument and the Texas Property Code; and

f.    Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    Southern District Admission #21340
    mcronenwett@mwzmlaw.com

    **NICHOLAS M. FRAME**
    Of Counsel
    State Bar No. 24093448
    Southern District Admission #3121681
    nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    The undersigned certifies that on March 22, 2024, a copy of the above and foregoing document was served on the following Defendant in the manner described below:

**Via CMRRR# 9314769904300118938698**
and U.S. Mail:
Rita C. Gomez
4838 Blundell
Corpus Christi, Texas 78415

                    */s/ Nicholas M. Frame*
                    **NICHOLAS M. FRAME**