United States District Court
Southern District of Texas
**ENTERED**
May 14, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. 2:24-CV-00009 |
| § | |
| RITA C. GOMEZ, § § | |
| Defendant. § | |

## FINAL DEFAULT JUDGMENT

Came on to be considered the above-entitled and numbered cause wherein U.S. Bank National Association, not in its individual capacity but solely as indenture trustee, for the holders of the CIM Trust 2021-R2, Mortgage-Backed Notes, Series 2021-R2 ("U.S. Bank") is the Plaintiff and Rita C. Gomez is the Defendant. Defendant, although having been duly and legally summoned to appear and answer, failed to appear and answer, and wholly made default on Plaintiff's claims against her.

**I.**

Plaintiff's First Amended Complaint ("Complaint") was served upon Defendant according to law and returned to the Clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file and is of the opinion that the allegations of Plaintiff's Complaint have been admitted by Defendant. The Court further finds that Plaintiff does not seek monetary damages against Defendant, but instead

seeks certain declarations and a judgment allowing foreclosure of the real property which is the subject of this action. Therefore,

**II.**

In light of Defendant's default and the nature of Plaintiff's claims against her, the Court orders as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that the material allegations of the First Amended Complaint be and are deemed admitted as to Defendant. It is further,

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain Loan Agreement in the principal amount of $59,990.32 ("Note"), executed by Decedent Federico Valle Gomez Sr. and Defendant Rita C. Gomez ("Borrowers"). It is further,

**ORDERED, ADJUDGED AND DECREED** that certain Mortgage Equity – First Lien (executed by the Borrowers (the "Security Instrument" and together with the Note, "Loan Agreement")), recorded in the official public records of Nueces County, Texas, as Instrument No. 2006065560, provides that Plaintiff is the current owner of the Note and mortgagee of the Security Instrument in the event of a default on the obligations on the Note, with a lien security interest on that certain real property commonly known as 4838 Blundell Dr., Corpus Christi, TX 78415, and more particularly described as:

> LOT ONE (1), BLOCK THREE (3), LEFFORGE ADDITION, AN ADDITION TO THE CITY OF CORPUS CHRISTI, NUECES COUNTY, TEXAS, ACCORDING TO MAP OR PLAT RECORDED IN VOLUME 23, PAGE 34, OF THE MAP RECORDS OF NUECES COUNTY, TEXAS. TAX MAP OR PARCEL ID NO. 434500030010 (The "Property").

It is further, **ORDERED, ADJUDGED AND DECREED** that Plaintiff is the current legal owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff is also a mortgagee as that as that term is defined in section 51.0001(4) of the Texas Property Code. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Interest on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest at the Note interest rate of 9.199%; post-judgment interest at the Note interest rate of 9.199%; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff or its successors or assigns, may proceed with foreclosure of Defendant's interest in the Property as provided in the Security Instrument and section 51.002 of the Texas Property Code. It is further,

**ORDERED, ADJUDGED, AND DECREED** that, should Plaintiff proceed with foreclosure on the Property then, the purchaser at the foreclosure sale will be vested with all of Defendant's interest, rights, and title in the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff may further communicate with Defendant, and all third parties reasonably necessary to conduct the foreclosure sale. It is further,

**ORDERED, ADJUDGED AND DECREED** that all costs are to be taxed against Defendant as a further obligation of the debt, and not as a personal judgment against Defendant. It is further,

**ORDERED, ADJUDGED AND DECREED** this is a final default judgment that fully and finally resolves all claims between Plaintiff and Defendant.

**ORDERED** on May 14, 2024.

                                                NELVA GONZALES RAMOS
                                                UNITED STATES DISTRICT JUDGE